1  CENTER FOR DISABILITY ACCESS
   Raymond G. Ballister, Jr., SBN 111282
2  Mark Potter, Esq., SBN 166317
   Phyl Grace, Esq. SBN 171771
3  Mail: PO Box 262490
        San Diego, CA 92196-2490
4  Delivery: 9845 Erma Road, Suite 300
        San Diego, CA 92131
5  (858) 375-7385; (888) 422-5191 fax
   phylg@potterhandy.com
6      Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11

12  **Jesus Ayala**,                    Case No. 2:16-cv-03500-ODW-JEMx

13          Plaintiff,                  **Plaintiff's Opposition to the**
                                        **Defense Motion to Dismiss**
    v.
14                                      **Date:**  August 29, 2016
    **Gustavo Espinoza;**              **Time:**  1:30 p.m.
15  **Rosa Argentina Espinoza**,       **Dept:**  11

16          Defendants.

17                                      Honorable Judge Otis D. Wright II

18

19

20

21

22

23

24

25

26

27

28

_____
Opposition to Motion to Dismiss                    2:16-cv-03500-ODW-JEMx

1
2

# TABLE OF CONTENTS

3

TABLE OF CONTENTS.................................................................i

TABLE OF AUTHORITIES.........................................................ii

I.   PRELIMINARY STATEMENT ...........................................1

II.  THERE IS NO BASIS FOR THIS COURT TO DECLINE
     SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS .......1

A.  There are No Novel or Complex State Law Issues........................3

B.  The Sole State Claim Under Unruh Does Not Substantially
    Predominate over the ADA Claim ..........................................4

C.  The Defense Argument About "Evading" California
    Procedural Law has no Legal Merit ........................................6

III. SCHUTZA V. MCDONALDS IS DISTINGUISHABLE....................7

IV. CONCLUSION ...............................................................9

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Opposition to Motion to Dismiss                    2:16-cv-03500-ODW-JEMx

# TABLE OF AUTHORITIES

**Cases**

*Anglin v. Bakersfield Prosthetics & Orthotics Ctr. Inc.*,
2013 WL 6858444 (E.D. Cal. 2013) ..................................................3

*Baker v. Palo Alto University, Inc.*,
2014 WL 631452 (N.D. Cal., 2014) ........................................................5

*Borough of W. Mifflin v. Lancaster*,
45 F.3d 780 (3d Cir. 1995).........................................................5

*Burks v. Poppy Construction Co.*,
57 Cal.2d 463, (1962)...........................................................6

*Cal. Dep't of Water Res. v. Powerex Corp.*,
533 F.3d 1087 (9th Cir. 2008) ..................................................2

*City of Chicago v. Int'l College of Surgeons*,
522 U.S. 156 (1997)............................................................2

*Daenzer v. Wayland Ford, Inc.*,
193 F. Supp. 2d 1030 (W.D. Mich. 2002) ................................5

*Delgado v. Orchard Supply Hardware Corp.*,
826 F. Supp. 2d 1208 (E.D. Cal. 2011) .............................. 4, 5

*Executive Software N. Am., Inc. v. U.S. Dist. Court for the N. Dist. of Cal.*,
24 F.3d 1545 (9th Cir. 1994) ...................................................2

*Kohler v. Islands Restaurants, LP*,
956 F. Supp. 2d 1170 (S.D. Cal. 2013) .............................. 3, 4

*Kohler v. Rednap, Inc.*,
794 F. Supp. 2d 1091 (C.D. Cal. 2011)............................... 4, 5

*Kuba v. 1-A Agr. Ass'n*,
387 F.3d 850 (9th Cir. 2004) ...................................................2

Opposition to Motion to Dismiss                    2:16-cv-03500-ODW-JEMx

*Lamark v. Laiwalla*,

 2013 WL 3872926 (E.D. Cal. 2013) ...................................................3

*Moreno v. Town and Country Liquors*,

 2012 WL 2960049 (E.D. Cal. 2012) ...................................................3

*O'Campo v. Chico Mall, LP*,

 758 F.Supp.2d 976 (E.D. Cal. 2010) .............................................. 3, 4

*Oliver v. Hot Topic, Inc.*,

 2010 WL 4261473 (S.D. Cal. 2010) ...................................................3

*Oliver v. In-N-Out Burgers*,

 286 F.R.D. 475 (S.D. Cal. 2012) ........................................................3

*Rosado v. Wyman*,

 397 U.S. 397 (1970) .............................................................................4

*Schutza v. McDonalds Corp.*,

 133 F.Supp.3d 1241 (S.D. Cal. 2015) ........................................... 7, 8

*United Mine Workers of Am. v. Gibbs*,

 383 U.S. 715 (1966) ..................................................................... 2, 4, 6

**Statutes**

28 U.S.C. § 1367 .......................................................................................1

28 U.S.C. § 1367(c) ..................................................................................2

Civ. Code § 51(f)......................................................................................8

Civ. Code § 52(a) .....................................................................................8

Opposition to Motion to Dismiss     2:16-cv-03500-ODW-JEMx

## I.  PRELIMINARY STATEMENT

The defense motion asks this court to dismiss the case because the case presents novel issues of state law and predominate over the federal claim. The motion must be denied. First, nothing in the moving papers provides any authority for dismissal of the *federal* claim. Second, the Unruh Civil Rights Act claim does not substantially predominate over the federal claim. As plainly stated in the Complaint, plaintiff's Unruh Civil Rights Act claim is entirely dependent upon a finding that the federal cause of action was violated. Thus, both claims involve identical set of facts, witnesses, evidence, and discovery. The fact that the plaintiff seeks penalty damages (automatically assessed) in addition to injunctive relief under the state claim does not alter this fact. There are few causes of action more intertwined than the ADA and the Unruh Civil Rights Act which incorporates it entirely. Additionally, the United States Supreme Court has said that the primary justification that should guide a court when making this determination is "judicial economy, convenience and fairness to litigants" and those factors strongly militate in avoiding two simultaneous litigations in federal and state court involving the same facts and claims.

## II.  THERE IS NO BASIS FOR THIS COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS

Under 28 U.S.C. § 1367 ("section 1367"), where a district court has original jurisdiction over a claim, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common

1

nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004), *quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). In addition, "economy, convenience, fairness and comity" should be considered in an analysis of supplemental jurisdiction. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997).

The exercise of supplemental jurisdiction is usually mandatory, unless the exercise of jurisdiction is prohibited by section 1367(b) or falls under one of the exceptions set forth in section 1367(c). *Executive Software N. Am., Inc. v. U.S. Dist. Court for the N. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994) ("[U]nless a court properly invokes a section 1367(c) category exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted."), *overruled on other grounds*, *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1093 (9th Cir. 2008). Under section 1367(c), a court may decline to exercise supplemental jurisdiction over a related state claim only if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.*, citing 28 U.S.C. § 1367(c).

In the present case, the defense argues that the state Unruh Civil Rights Act claim should be dismissed because (1) there are novel or complex issues of state law involved; (2) the Unruh claim substantially predominates over the federal claim; and (3) plaintiff is trying to "evade"

2

state law. These arguments border on the specious and cannot withstand scrutiny. Plaintiff will discuss each.

### A.      There are No Novel or Complex State Law Issues

The defense notes that with the amendment of Senate Bill 1186 in 2012, there are a number of new procedural requirements for discrimination lawsuits, including limitations on prefiling contact, prefiling demand letters, the verification of complaints, and details to be alleged in a complaint. (Defense Brief, p. 5, line 25 – p. 8, line 20.) But as the courts have uniformly held, none of these procedural requirements apply in federal court. *Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477-78 (S.D. Cal. 2012); *Anglin v. Bakersfield Prosthetics & Orthotics Ctr. Inc.*, 2013 WL 6858444, *6 (E.D. Cal. 2013); *O'Campo v. Chico Mall, LP*, 758 F.Supp.2d 976, 984-85 (E.D. Cal. 2010); *Oliver v. Hot Topic, Inc.*, 2010 WL 4261473, *1 (S.D. Cal. 2010); *Moreno v. Town and Country Liquors*, 2012 WL 2960049, *4 (E.D. Cal. 2012); *Lamark v. Laiwalla*, 2013 WL 3872926, *1 (E.D. Cal. 2013). Thus, even if someone could, with a straight face, label these simple procedural additions to the California Code of Civil Procedure "novel or complex," this Court will not be called upon to apply or interpret any such novel or complex state law issue.

More importantly, other than noting the differences between the California Code of Civil Procedure and the Federal Rules of Civil Procedure for these cases, the defense does not identify any novel or complex state law. And none exist. "[C]ourts routinely exercise jurisdiction over supplemental claims under the UCRA and the DPA, as these types of claims do not generally raise novel or complex issues of state law." *Kohler v. Islands Restaurants, LP*, 956 F. Supp. 2d 1170, 1175 (S.D. Cal. 2013). Recent published decisions almost uniformly have held

Opposition to Motion to Dismiss                     2:16-cv-03500-ODW-JEMx

1    that supplemental jurisdiction should be exercised in an ADA/Unruh
2    case when the federal claim is still viable. See, e.g., *Kohler v. Rednap, Inc.*,
3    794 F. Supp. 2d 1091, 1095 (C.D. Cal. 2011); *Delgado v. Orchard Supply*
4    *Hardware Corp.*, 826 F. Supp. 2d 1208, 1221 (E.D. Cal. 2011); *Kohler v.*
5    *Islands,* 956 F. Supp. 2d at 1175; *O'Campo v. Chico Mall, LP*, 758 F. Supp.
6    2d 976, 985 (E.D. Cal. 2010).

7
8    **B.      The Sole State Claim Under Unruh Does Not Substantially Predominate over the ADA Claim**

9        The defense argues that the Unruh claim substantially
10   predominates over the federal ADA claim but provides no justification for
11   this claim other than to note that under the Unruh Act, a plaintiff can also
12   recover a modest statutory penalty. (Defense Brief, p. 8, line 21 – p. 9, line
13   22.) The fact that the Unruh Act provides for an additional remedy does
14   not rise to the level of substantial predominance.

15       The "justification" underlying the decision whether to maintain
16   supplemental jurisdiction or dismiss claims, "lies in considerations of
17   judicial economy, convenience and fairness to litigants . . .." *Gibbs*, 383
18   U.S. at 726. In fact, the Courts have recognized that judicial economy is
19   the "*essential policy* behind the modern doctrine of pendent jurisdiction . .
20   .." *Id.* (emphasis added), citing *Rosado v. Wyman*, 397 U.S. 397, 405
21   (1970). Here, if this Court were to decline to exercise supplemental
22   jurisdiction over the state claim, it would result in the plaintiff pursuing
23   the Unruh claim in state court while, simultaneously, prosecuting his
24   ADA claim in federal court. Given that the plaintiff's state claim is entirely
25   predicated upon a finding that the ADA has been violated (See
26   Complaint, ¶ 42), this means that almost identical cases would be
27   prosecuted in two different forums.

28

Opposition to Motion to Dismiss                    2:16-cv-03500-ODW-JEMx

As one Court recently noted, "Forcing these parties to litigate two nearly-identical cases in separate venues—one here and one in state court—is neither convenient, economical, nor fair." *Baker v. Palo Alto University, Inc.*, 2014 WL 631452, \*2 (N.D. Cal., 2014) (a case with ADA and Unruh claims). The *Delgado* court presented the same reasoning:

> Here, the claims arise from a common nucleus of operative facts. Both the federal and state law claims are based upon architectural barriers which infringe upon the accessibility to the OSH Store. Accordingly, this Court has supplemental jurisdiction over the state law claims. The Court will exercise supplemental jurisdiction over the state law claims. Here, the state issues are not unsettled or novel and complex. Plaintiff's state and federal law claim involve the identical nucleus of operative facts, and require a very similar, if not identical, showing in order to succeed. If this court forced plaintiff to pursue his state law claims in state court, the result would be two highly duplicative trials, constituting an unnecessary expenditure of plaintiff's, defendant's, and the two courts' resources. As a practical matter, plaintiff's state law claims for damages may be the driving force behind this action. To rule as OSH proposes, however, would effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act.

*Delgado*, 826 F.Supp.2d at 1221; see also *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d at 1096 (finding that fairness favored litigating the state claims in federal court "rather than in a separate, and largely redundant, state-court suit."); *Daenzer v. Wayland Ford, Inc.*, 193 F. Supp. 2d 1030, 1043 (W.D. Mich. 2002) (supplemental jurisdiction should be exercised where "declining jurisdiction would simply require twice the expenditure of resources as to the evidentiary determinations."); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir. 1995) (supplemental jurisdiction should be exercised to avoid "two parallel proceedings, one in federal court and one in the state system.") In fact, in *Gibbs*, the Court noted that *even in circumstances where the federal claim has been lost*, the Court may want to maintain supplemental jurisdiction where the state claim is so closely intertwined with the federal claims: "There may, on the other

5

hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." *Gibbs*, 383 U.S. at 727.

Additionally, because the plaintiff would not only be seeking the same determination from both courts, i.e., whether the ADA was violated, but also seeking the same injunction from both Courts,[1] this creates a risk of inconsistent orders and duplicative or conflicting remedies.  This is yet another reason why it would do violence to the principles of fairness and judicial economy to dismiss the state claims while the federal claim is still viable.

### C.    The Defense Argument About "Evading" California Procedural Law has no Legal Merit

The defense also provides a lengthy discussion about why it believes California's procedural requirements are better suited for a defendant and that plaintiff is, therefore, trying to evade those procedures by filing in federal court. This argument lacks any legal merit. First, there are numerous reasons why the federal forum is superior to the state court forum for prosecuting ADA/Unruh claims that have nothing to do with procedure. The quality of the judges, the quality of the legal rulings, the ease of the ECF system for filing and case access, the fact that the vast majority of published authorities arise within the federal forum, and the fact that the substantive law in this case is entirely federal, are all reasons why an ADA practitioner would (and virtually all do) prefer

---

[1] The plaintiff's complaint seeks injunctive relief under both the ADA and the Unruh Civil Rights Act. See Complaint, Prayer 1. "Although the Unruh Act makes no express provision for injunctive relief, that remedy as well as damages may be available to an aggrieved person." *Burks v. Poppy Construction Co.*, 57 Cal.2d 463, 470 (1962).

Opposition to Motion to Dismiss                    2:16-cv-03500-ODW-JEMx

federal court over state court for prosecuting ADA/Unruh claims. But, more importantly, plaintiffs have the right to choose among appropriate forums and there is nothing improper about considering the fact that the federal forum has a more efficient and less cumbersome procedural rules. Even if the sole reason that the plaintiff chose the federal forum over the state forum had to do with procedural rules, this would neither be improper nor a basis for this Court to decline to exercise supplemental jurisdiction.

### III.   SCHUTZA V. MCDONALDS IS DISTINGUISHABLE

The defense cites to the *Schutza v. McDonalds Corp.*, 133 F.Supp.3d 1241 (S.D. Cal. 2015) case as an example of a district court dismissing the state claims. Not only does the plaintiff believe that the *Schutza* case is an outlier and imprudently decided, but the facts are distinguishable. As noted above, the vast majority of the district courts to address the issue have held that supplemental jurisdiction is properly exercised over Unruh cases tied to ADA cases. *Schutza* stands alone. Moreover, the district court in *Shutza* relied on arguments and theories which were not raised by the parties and, therefore, for which the court did not have the benefit of briefing.

Nonetheless, the facts are distinguishable on several fronts. First, in *Schutza*, the plaintiff had three state claims to the one federal claim and the court found this noteworthy: "Plaintiff asserts three state-law claims (Unruh Civil Rights Act, CDPA, and negligence) and one federal claim (ADA)." *Id.* at 1247. In the present case, the plaintiff has a sole state claim.

In *Schutza*, the plaintiff presented a negligence claim and an intentional conduct argument to present a stand-alone claim under the

Opposition to Motion to Dismiss                    2:16-cv-03500-ODW-JEMx

Unruh Civil Rights Act, i.e., a claim not predicated upon the ADA. The *Schutza* court found this relevant to its analysis:

> [I]ntentional discrimination is relevant to Plaintiff's state-law disability discrimination claims . . . A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads intentional discrimination in public accommodations in violation of the terms of the Act. Determination of intentional discrimination entails application of state-law standards. Accordingly, a determination of Defendants' liability for state-law disability discrimination and negligence involves predominantly state-law issues.

*Id.* at 1247 (internal quotes/cites omitted for readability). But in the present case, the plaintiff does not have a negligence claim and he has no stand-alone Unruh Claim: the Unruh Claim is *entirely* predicated upon the ADA violation: "Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a))." Complaint, paragraph 42. There will be no invocation of state standards for negligence or intentional conduct.[2] This presents an entirely different situation than the situation presented in *Schutza* and for which the *Schutza* court relied in reaching its decision.

---

[2] The Complaint alleges at paragraph 29 that plaintiff believes the conduct was intentional but this is not relevant to any state cause of action but potentially relevant to any future argument regarding "voluntary cessation" in a claim of mootness.

Opposition to Motion to Dismiss                    2:16-cv-03500-ODW-JEMx

## IV.  CONCLUSION

The Plaintiff respectfully requests this Court to continue to exercise supplemental jurisdiction over the Unruh Civil Rights Act claim. Dismissing the state claim would result in a prompt refiling of the state claim in state court, with additional filing fees not only for the plaintiff but also for the defendants (each of which would have to file a first appearance fee) and if the case did not settle: discovery in both forums, case management and scheduling conference appearances in both forums, dispositive and other motions in both forums, mandatory settlement conferences in both forums, and trial in both forums – all of which involve the same parties, witnesses, factual claims, property, evidence, and presentation. This would offend the notions of fairness, judicial economy, and convenience that is the cornerstone of the analysis about supplemental jurisdiction.

Dated: August 9, 2016            CENTER FOR DISABILITY ACCESS

By: /s/ Mark Potter                .
Mark Potter, Esq.
Attorneys for Plaintiff

9